**TRUEBRIGHT SCIENCE ACADEMY CHARTER SCHOOL, Petitioner**

v.

**The PHILADELPHIA SCHOOL DISTRICT, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 13, 2015.

Decided May 15, 2015.

Reargument En Banc Denied June 24, 2015.

Brian H. Leinhauser, Malvern, for petitioner.

Miles H. Shore, Philadelphia, for respondent.

BEFORE: BERNARD L. McGINLEY, Judge, and PATRICIA A. McCULLOUGH, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Senior Judge ROCHELLE S. FRIEDMAN.

Truebright Science Academy Charter School (Truebright) petitions for review of the January 8, 2015, order of the State Charter School Appeal Board (Board) denying Truebright's appeal from a decision of the School District of Philadelphia's School Reform Commission (Commission) not to renew Truebright's charter and directing Truebright to dissolve under section 1729–A of the Charter School Law (Law), Act of March 10, 1949, P.L. 30, added by Section 1 of the Act of June 19, 1997, P.L. 225, as amended, 24 P.S. § 17–1729–A.[1] We affirm.

On January 18, 2006, the School District of Philadelphia (District) granted Truebright a five-year charter with an expiration date of June 30, 2012. Truebright opened in September 2007. Truebright serves students in seventh through twelfth grades and is authorized to enroll a maximum of 350 students. Truebright's enrollment for the 2011–2012 school year was 321 students.

In September 2011, Truebright submitted a charter renewal application to the District. To assess whether Truebright had met its charter school goals and complied with all federal and state laws, the District reviewed and analyzed four areas: academic performance, financial health, governance and compliance, and customer satisfaction.

During a site visit in September 2011, the District found that: (1) professional development opportunities were unavailable to support effective special education program implementation; (2) the school leadership provided neither adequate oversight of the school nor clear goals and procedures to uniformly guide school practices; (3) there was neither rigorous professional development nor a system for evaluating teacher effectiveness; (4) stakeholders did not share a clear understanding of the school's stated mission, vision, and core values; and (5) teachers were not given opportunities to help drive decisions to enhance student performance. (Bd.'s Findings of Fact, No. 15.)

The District shared its site visit report with Truebright on November 9, 2011. On November 15, 2011, Truebright submitted a rebuttal application to the District. After reviewing the rebuttal application, the District recommended to the Commission that Truebright's charter not be renewed.

On April 19, 2012, the Commission initiated nonrenewal proceedings against Truebright at a public meeting and approved

---

**1.** Section 1729–A(a) of the Law sets forth the following grounds for nonrenewal of a charter:

> (1) One or more material violations of any of the conditions, standards or procedures contained in the written charter signed pursuant to section 1720–A [of the Law].
>
> (2) Failure to meet the requirements for student performance set forth in 22 Pa. Code Ch. 5 (relating to curriculum) ... or failure to meet any performance standard set forth in the written charter signed pursuant to section 1716–A [of the Law].

> (3) Failure to meet generally accepted standards of fiscal management or audit requirements.
>
> (4) Violation of provisions of this article.
>
> (5) Violation of any provision of law from which the charter school has not been exempted, including Federal laws and regulations governing children with disabilities.
>
> (6) The charter school has been convicted of fraud.

24 P.S. § 17–1729–A(a). In order to revoke or not renew a charter, the school district must prove that the charter school violated at least one of these provisions. See id.

Resolution No. SRC–13, in which it identified 18 grounds for nonrenewal of Truebright's charter. Thereafter, the Commission appointed a hearing officer, who held 10 hearings between April 2012 and May 2013.

On August 26, 2013, the hearing officer issued proposed findings of fact and conclusions of law, concluding that the District had successfully proven 8 of the 18 grounds for nonrenewal of Truebright's charter. Specifically, the hearing officer identified the following material violations: (1) Truebright failed to make adequate yearly progress (AYP) every year during the current charter term; (2) Truebright's Pennsylvania System of School Assessment (PSSA) scores have been consistently lower than state targets, the District average, and the charter school average in both math and reading; (3) Truebright failed to provide adequate academic supports and program implementation for English language learners and special needs students; (4) Truebright failed to meet the 100%-highly-qualified-teacher requirement of the No Child Left Behind Act of 2001; (5) Truebright failed to achieve its mission and goals as set forth in its charter application; (6) Truebright and its Board of Trustees failed to address staff and parental concerns regarding teacher contract provisions, outdated technology, employee salaries, discriminatory employment practices, and payroll tax withholding issues; (7) Truebright failed to enroll a large number of students from the school's catchment area; and (8) Truebright had only a 37% four-year retention rate for ninth grade students who enrolled in 2007. (Bd.'s Findings of Fact, Nos. 23, 28.)

On October 17, 2013, after a public hearing, the Commission voted to adopt the hearing officer's findings and conclusions and to deny Truebright's renewal request.

Truebright appealed to the Board, which concluded that Truebright failed to meet the requirements for student performance set forth in its charter and in the Pennsylvania Department of Education's regulations. Thus, the Board ordered that Truebright dissolve its charter and close the school at the end of the 2014–2015 school year. Truebright now appeals from that decision.[2]

■ First, Truebright argues that its failure to make AYP for two years of its five-year charter term was not a valid ground for nonrenewal of its charter. Truebright argues that its charter merely identified as a goal, not as a performance standard, that it would make AYP each year. According to Truebright, a charter school that fails to reach a stated goal outlined in its charter application has not committed a material violation of its charter. Truebright also asserts that after failing to make AYP, it implemented an accountability plan consistent with the charter and subsequently made AYP the very next year.

We agree with the District that Truebright's failure to meet a performance goal set forth in its charter is a valid ground for nonrenewal. In its charter, Truebright agreed to make AYP for each year of its five-year charter term and that its failure to do so "constitutes grounds for revocation of ... [its Charter]." (Bd.'s Findings of Fact, Nos. 30–31.) It is undisputed that Truebright failed to make AYP and was in "warning" status during the 2007–2008 and 2010–2011 school years. Thus, under sec-

---

**2.** Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the Board committed an error of law, or whether the Board's decision is unsupported by substantial evidence. *New Hope Academy Charter School v. School District of the City of York,* 89 A.3d 731, 736 (Pa.Cmwlth.2014).

tion 1729–A(a)(2) of the Law, the Board properly based its nonrenewal decision on Truebright's failure to meet a performance standard in its charter. *See Graystone Academy Charter School v. Coatesville Area School District,* 99 A.3d 125, 139 (Pa.Cmwlth.2014) (rejecting charter school's assertion that its stated goal regarding student performance was an objective and not a mandate and holding that the school's failure to meet its performance goal was a ground for charter revocation).

■ Next, Truebright argues that its students' PSSA scores do not warrant nonrenewal of its charter. Truebright claims that it did not have a consistently lower percentage of students scoring proficient or better on the PSSA than did the District's schools. Truebright also asserts that it has demonstrated a clear pattern of improvement in PSSA scores and is well on its way to meeting state goals. We cannot agree.

Preliminarily, we note that the Board properly relied on Truebright's PSSA scores to determine whether it has shown improvement in student academic performance. *See Ronald H. Brown Charter School v. Harrisburg City School District,* 928 A.2d 1145, 1153 (Pa.Cmwlth.2007) (finding that the PSSA was the proper standard for measuring academic progress of the charter school's students, as the PSSA is "the uniform test used statewide to measure performance"). This court has stated:

> A consistently low percentage of students scoring proficient or better on the PSSA constitutes a failure to satisfy Chapter 4 student performance requirements and is a valid ground for nonrenewal of a school's charter under Section 1729–A(a)(2) of the [Law] where the charter school's proficiency rates are lower than those of its school district's schools as a whole and no clear pattern

of significant improvement in its PSSA results is shown.

*New Hope Academy Charter School v. School District of the City of York,* 89 A.3d 731, 737 (Pa.Cmwlth.2014); *accord Career Connections Charter High School v. School District of Pittsburgh,* 91 A.3d 736, 741 (Pa.Cmwlth.2014).

During its charter term, Truebright's PSSA scores in math were as follows:

- 20% of students scored proficient or advanced in 2008 (state goal: 56%)
- 34% of students scored proficient or advanced in 2009 (state goal: 56%)
- 44% of students scored proficient or advanced in 2010 (state goal: 56%)
- 41% of students scored proficient or advanced in 2011 (state goal: 67%)
- 47% of students scored proficient or advanced in 2012 (state goal: 78%)

(Bd.'s Findings of Fact, No. 34.) Truebright's PSSA scores in reading were as follows:

- 34% of students scored proficient or advanced in 2008 (state goal: 63%)
- 36% of students scored proficient or advanced in 2009 (state goal: 63%)
- 48% of students scored proficient or advanced in 2010 (state goal: 63%)
- 29% of students scored proficient or advanced in 2011 (state goal: 72%)
- 40% of students scored proficient or advanced in 2012 (state goal: 81%)

(*Id.*)

In its charter application, Truebright stated that its "[s]tudents will realize high academic achievement and rank on national standardized tests and will meet or exceed the state's mandated level of proficiency as defined by the [PSSA]." (*Id.,* No. 33.) However, Truebright has had a consistently low percentage of students scoring proficient or better on the PSSA and has shown no clear sign of improvement. Since Truebright's first year of operation, the percentage of students scoring advanced or proficient in reading has been significantly lower than state goals. Although there has been some progress with

regard to Truebright's math scores, they are still well below state goals, even for the years that Truebright made AYP. Truebright had also promised to increase student proficiency in its PSSA scores by 20% in both math and reading over the course of its charter term, (*id.,* No. 42), yet it failed to meet this academic goal as well.

Finally, we reject Truebright's claim that the Board erred in comparing Truebright's PSSA scores to the scores of all District schools when Truebright serves only middle and high school students. The relevant inquiry with regard to PSSA scores is whether "the charter school's proficiency rates are lower than those of its school district's schools *as a whole.*" *New Hope Academy,* 89 A.3d at 737 (emphasis added). That is because

> a charter school's students are drawn from the same population as the school district's schools and, *where, as here, the charter school is a middle school or high school, its students come from the same group of elementary schools as the school district schools and therefore are likely to have a similar educational background to the students in [the] school district schools.*

*Id.* at 740 (emphasis added). We find no error in the Board's decision.[3]

Accordingly, we affirm.

Judge COHN JUBELIRER did not participate in the decision in this case.

### ORDER

AND NOW, this *15th* day of *May,* 2015, we hereby affirm the January 8, 2015, order of the State Charter School Appeal Board.

3. The Board also correctly rejected Truebright's claim that it outperformed many of the schools within its local catchment area. The Board found that a comparison of Truebright's scores to those of its catchment-area schools was immaterial because only 16% of students from the catchment area attend Truebright. (Bd.'s Op. at 19 n. 4.)